UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A 1 TRANSMISSION AUTOMOTIVE TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> AMCO INSURANCE COMPANY, and DOES 1 through 10, inclusive, <br><br> Defendants. | NO. CV 10-08496 RSWL (SSx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' "Stipulated Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). The current language used to describe the protected documents is overbroad.

1  (Protective Order at 2, ¶ 1).  The parties may submit a revised
2  stipulated protective order, but must correct this deficiency.

4      Second, the Protective Order does not establish the requisite good
5  cause.  <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir., <u>as
6  amended</u> 2010) ("The relevant standard [for the entry of a protective
7  order] is whether good cause exists to protect the information from
8  being disclosed to the public by balancing the needs for discovery
9  against the need for confidentiality." (internal quotation marks and
10 alteration omitted)); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d
11 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires
12 examination of good cause (citing <u>Phillips v. Gen. Motors Corp.</u>, 307
13 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)).

15     The Court may only enter a protective order upon a showing of good
16 cause.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176
17 (9th Cir. 2006) (stipulating to protective order insufficient to make
18 particularized showing of good cause, as required by Rule 26(c));
19 <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
20 cause for a protective order); <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,
21 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
22 require good cause showing).

24     In any revised stipulated protective order submitted to the Court,
25 the parties must include a statement demonstrating good cause for entry
26 of a protective order pertaining to the documents or information
27 described in the order.  The documents to be protected shall be
28 specifically described and identified.  The paragraph containing the

statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. Foltz, 331 F.3d at 1130.

Third, the Court will not agree to the procedure the parties propose for filing documents under seal. (Protective Order at 5, ¶ 8). Instead, the parties must strictly comply with the Central District's Local Rule 79-5. If a party wishes to file a document under seal, they must file an application with the Court pursuant to Local Rule 79-5.1. Local Rules 79-5.2 and 79-5.3 govern the disclosure of confidential court records and Local Rule 79-5.4 sets out the parties' responsibility to redact or exclude personal identifiers.

Fourth, the Court will not agree to the procedure the parties propose for modification of the Protective Order. (Protective Order at 6, ¶ 10). Before seeking court intervention in any discovery matter, the parties must strictly comply with the Central District's Local Rule 37. Both parties must timely file a written joint stipulation containing all issues in dispute. C.D. Cal. R. 37-2, 37-2.1. The form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. R. 37-2.1, 37-2.2. The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed. See C.D. Cal. R. 37-2.4.

\\
\\

1 | Finally, the Court reminds the parties that all future discovery
2 | documents filed with the Court shall include the following in the
3 | caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H.
4 | Segal]."

6 | IT IS SO ORDERED.

7 | DATED: August 11, 2011

```
                                        /S/
                              _____
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE
```