CLERK, U.S. DISTRICT COURT

NOV 2 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   MARC S. HINES (SBN 140065)
    mhines@hinessmith.com
2   MICHELLE L. CARDER (SBN 174481)
    mcarder@hinessmith.com
3   JOSEPH S. MCMILLEN (SBN 174561)
    jmcmillen@hinessmith.com
4   **HINES SMITH CARDER LLP**
    3090 Bristol Street, Suite 300
5   Costa Mesa, California 92626
    Tel.: (714) 513-1122
6   Fax: (714) 513-1123

7   Attorneys for Defendant
    AMCO INSURANCE COMPANY

NOTE CHANGES MADE BY THE COURT

8

9               **THE UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                      **(EASTERN DIVISION)**

12

13  A-1 TRANSMISSION                    CASE NO. 2:10-cv-08496-RSWL-SS
    AUTOMOTIVE TECHNOLOGY,
14  INC.,                               Discovery Document:  Referred to
                                        Magistrate Judge Suzanne H. Segal
15                  Plaintiff,
                                        **ORDER RE: STIPULATED**
16  vs.                                 **PROTECTIVE ORDER RE:**
                                        **OTHER CLAIMS FILE**
17  AMCO INSURANCE COMPANY, a           **DOCUMENTS**
    corporation; and DOES 1 - 10,
18  inclusive,

19                  Defendants.

20

21          Based on the Stipulation of the parties, and good cause appearing,

22          IT IS ORDERED that the Stipulated Protective Order re: Other Claim File

23  Documents, the term of which are set forth above, be in force as a protective order

24  of this Court, and that the parties, persons and entities to whom the Confidential

25  Documents, information and materials be released shall be subject to and bound by

26  the terms and conditions of the Stipulated Protective Order re: Other Claim File

27  Documents as amended by the Court.

28  ///                                              SAS

                                        1

1   IT IS FURTHER ORDERED that the Court approves: (1) AMCO to give A-

2   1 and its lawyers the confidential list of other policyholders discussed above in

3   Paragraph 1 of the Stipulated Protective Order re: Other Claim File Documents,

4   subject to the terms of the Stipulated Protective Order; (2) A-1 and its lawyers to

5   send the letter and authorization form attached as Exhibit 2 to the policyholders on

6   the confidential list; and (3) AMCO to release the claim files of the other

7   policyholders to A-1, its lawyers and other persons referenced in the Stipulated

8   Protective Order subject to its terms, if the policyholder returns an Exhibit 2

9   written authorization that is signed, dated and otherwise complies with Cal. Ins.

10   Code § 791.13(a)(2).

11   IT IS FURTHER ORDERED that A-1, its lawyers and anyone else acting on

12   its behalf may not contact the policyholders on the confidential list except by

13   sending the letter and authorization attached as Exhibit 2 through the U.S. Postal

14   Service.  Thereafter, and only if a policyholder signs and returns the authorization,

15   may A-1, its lawyers or other representatives have additional contact with the

16   policyholder, and they must limit the nature and extent of their contact exclusively

17   to discussing the court-approved letter and authorization attached as Exhibit 2.

18   IT IS SO ORDERED.

19

20   Dated: 11/28/11

21   Suzanne H. Segal
     U.S. Magistrate Judge

22

23   NOTE CHANGES MADE BY THE COURT

24

NOTE CHANGES MADE BY THE COURT

1  MARC S. HINES (SBN 140065)
   mhines@hinessmith.com
2  MICHELLE L. CARDER (SBN 174481)
   mcarder@hinessmith.com
3  JOSEPH S. MCMILLEN (SBN 174561)
   jmcmillen@hinessmith.com
4  **HINES SMITH CARDER LLP**
   3090 Bristol Street, Suite 300
5  Costa Mesa, California 92626
   Tel.: (714) 513-1122
6  Fax: (714) 513-1123

NOTE CHANGES MADE BY THE COURT

7  Attorneys for Defendant
   AMCO INSURANCE COMPANY
8

9           **THE UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  A-1 TRANSMISSION AUTOMOTIVE TECHNOLOGY, INC., | CASE NO. 2:10-cv-08496-RSWL-SS |
| 13 | [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |
| 14          Plaintiff, | |
| 15  vs. | |
| 16  AMCO INSURANCE COMPANY, a corporation; and DOES 1 - 10, inclusive, | **STIPULATED PROTECTIVE ORDER RE: OTHER CLAIMS FILE DOCUMENTS** |
| 17 | |
| 18          Defendants. | |
| 19 | |

20
21          TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL
22  OF RECORD:
23          IT IS HEREBY STIPULATED AND AGREED to by and between the
24  parties to this action, through their respective attorneys of record, HINES SMITH
25  CARDER LLP for Defendant AMCO Insurance Company ("Defendant" or
26  "AMCO") and DOHERTY GEORGESON LLP for Plaintiff A-1 Transmission
27  Automotive Technology, Inc. ("Plaintiff" or "A-1"), that certain documents
28

produced in connection with discovery proceedings in this action shall be subject to the following confidentiality agreement ("the Agreement"):

1. **DOCUMENTS SUBJECT TO THE AGREEMENT.** The documents which are the subject of this Agreement include: (1) a list of AMCO's policyholders besides Plaintiff A-1 which made insurance claims to AMCO for similar types of contract benefits as A-1 from approximately January 2005 to 2011 and which AMCO's claims representative Dave Melton handled, including the other policyholder's names, addresses and claim file number; and (2) the claim files of these other policyholders. The other policyholders are not parties to this litigation. A-1 desires to obtain the other claim file documents in discovery because Mr. Melton also handled A-1's claim. It wants to review the claims files of AMCO's other policyholders handled by Mr. Melton to try and find evidence to support its bad faith and punitive damage claims based on, among other things, alleged past similar claims handling conduct. AMCO maintains these other claim file documents and the information in them are strictly confidential, private and should be protected pursuant to the Good Cause Statement below and Rule 26(c) of the Federal Rules of Civil Procedure. AMCO is producing the confidential list of its policyholders and certain of the other claim file documents described in this Paragraph to Plaintiff pursuant to discovery procedures while the above-referenced action is pending, and they will be marked by AMCO as "CONFIDENTIAL" (the "Confidential Documents"). The Confidential Documents may be marked by AMCO as "CONFIDENTIAL" at any time, regardless of when produced. Further, stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the documents as confidential, unless otherwise indicated by the producing party.

2. The Confidential Documents, and all copies extracted therefrom, excerpts, summaries, compilations, testimony, conversations, presentations by parties or counsel to or in court, or in any other settings that might reveal said

1  information, and information learned from the Confidential Documents, are
2  confidential and protected by privacy rights.  It is the intent of the parties to
3  preserve the confidentiality of the Confidential Documents and the information
4  learned from them.  The Confidential Documents and the information learned from
5  them are not to be used in any fashion other than for the purposes of this litigation,
6  and are not to be disclosed to any persons or entities except as set forth in the
7  Agreement, and are to be kept confidential to the greatest extent possible, even
8  within the confines of this litigation.

9          3.      **GOOD CAUSE STATEMENT.**  Rule 26(c)(1)(G) of the Federal
10  Rules of Civil Procedure allows the Court for good cause to issue an order to
11  protect a party or any other person from annoyance, embarrassment, oppression,
12  including an order maintaining the confidentiality of documents or "requiring that .
13  . . confidential . . . commercial information not be revealed or be revealed only in a
14  specified way."  The list with AMCO's other policyholders' names and addresses,
15  as well as the personal information that is in their claim files, contains the
16  confidential, private information of AMCO's policyholders and thus is also
17  AMCO's confidential information.  The claim file documents and information are
18  protected by privacy laws, including the Insurance Information and Privacy
19  Protection Act, California Insurance Code § 791.01 et seq. ("the Act").  *See*
20  CALIFORNIA PRACTICE GUIDE: INSURANCE LITIGATION, by Hon. H. Walter Croskey,
21  et al. (The Rutter Group 2011 Online Ed.), Chap. 15-G , § 15:758 ("The Insurance
22  Information and Privacy Protection Act (Ins.C. § 791.01 et seq.) creates a right of
23  privacy with respect to consumer files (including claims files) maintained by
24  insurance companies.  [Ins.C. § 791.13].");  *Mead Reinsurance Co. v. Sup.Ct.*, 188
25  Cal. App. 3d 313, 321-322, 232 Cal. Rptr. 752 (1986); *Colonial Life & Acc. Ins.*
26  *Co. v. Sup. Ct.*, 31 Cal. 3d 785, 792, 183 Cal. Rptr. 810, 814 fn. 10 (1982).

27          AMCO legally cannot turn the claim files and personal information it has
28  collected about its other policyholders over to A-1 unless it does so subject to a

1  protective order ensuring A-1 will maintain the confidentiality of the documents
2  and information, only use them for this litigation, and only contact A-1's other
3  policyholders to secure their consent to release their private claim files. *See*
4  *Colonial Life*, 31 Cal. 3d at 789 (allowing disclosure of the claim files and
5  names/addresses of insurer's other policyholders in discovery only because "the
6  trial court issued an additional protective order preventing plaintiff's counsel from
7  disclosing to any other person the names, addresses or records of nonparty
8  claimants or from 'making use thereof except for preparation for trial and trial in
9  this action' "); *Mead*, 188 Cal. App. 3d at 322 ("Because the disclosure of merely
10 the name and address of a person who has made a claim in some sort of casualty
11 context could lead to abuses, it would be appropriate, in our view, for the order in
12 this section 719.13 circumstance expressly to limit the nature and extent of the
13 contact with a claimant exclusively to the court-approved letter noted" from the
14 plaintiff seeking permission from the other policyholders to review their private
15 claim files.).

16      Moreover, AMCO is not permitted to turn the claim files and information
17 about its other policyholders over to A-1 without a Court order. *See* Cal. Insurance
18 Code § 791.13 ("An insurance institution . . . shall not disclose any personal or
19 privileged information about an individual collected or received in connection with
20 an insurance transaction unless the disclosure is: . . . (h) In response to a facially
21 valid administrative or judicial order . . .").

22      The policyholder information and claim file documents are also protected by
23 federal privacy laws under 15 U.S.C. § 6801 et seq. A "financial institution" has
24 an affirmative duty "to protect the security and confidentiality of (its) customers'
25 nonpublic personal information." 15 U.S.C. § 6801(a) (parentheses added). An
26 insurance company is a "financial institution." *See* 15 U.S.C. § 6809(3)(A), 12
27 U.S.C. § 1843 (k)(4)(B).

28

1    Finally, AMCO cannot turn the private claims files of its other policyholders

2  over to A-1 unless A-1 obtains their written consent in the manner prescribed by

3  Cal. Insurance Code § 791.13(a)(2), *Mead*, 188 Cal. App. 3d 313 and *Colonial*

4  *Life*, 31 Cal. 3d 785. Namely, A-1 must obtain the written consent of AMCO's

5  other policyholders by sending them a Court-approved letter and authorization

6  form which seeks their permission to release their private records. The

7  policyholders' authorization must be (i) dated, (ii) signed and (iii) obtained within

8  one year preceding the disclosure of their claim files. *Mead*, 188 Cal. App. 3d at

9  321-322 ("Accordingly, the trial court in the case here could have properly

10  required Mead to disclose to City the names and addresses of all the other

11  claimants whose claim files were opened since January 1, 1979, on condition that

12  City first compose a letter, subject to approval by the court, to be sent to each of

13  these claimants seeking permission for Mead to disclose the data in the respective

14  files. Thereafter, under the terms of the statute, only the claim files of those

15  addressees returning their written and dated consents within one year of the

16  solicitation could be opened by Mead for inspection by City."); *Colonial Life*, 31

17  Cal. 3d at 792, fn. 10. If A-1 fails to obtain such an authorization, AMCO cannot

18  release the records to A-1.

19    For these reasons, there is good cause for the Court to issue an order

20  protecting the privacy and confidentiality of the names and addresses of AMCO's

21  other policyholders and their claim files, limiting A-1's use of said information to

22  this litigation, requiring A-1 to keep the information strictly confidential, and

23  approving a written letter and authorization form that A-1 can send to AMCO's

24  other policyholders that meets the requirements of Cal. Ins. Code § 791.13(a)(2).

25    4.    In the event AMCO marks any document or testimony

26  "CONFIDENTIAL" which Plaintiff believes is not protected by any privilege,

27  privacy right or is not confidential in nature, the parties shall ~~within thirty (30)~~ *pursvant to L, R. 37*

28  ~~days of Plaintiff's request~~, meet and confer in good faith regarding removal of the

*S HS*

5

"CONFIDENTIAL" designation.  In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Agreement or designation of testimony as subject to the restrictions of this Agreement, Plaintiff shall move the Court for an order de-designating the subject documents as "CONFIDENTIAL," *pursuant to CR 37* and nothing within this Agreement or corresponding order shall preclude Plaintiff from making such motion.  The burden of persuasion of any challenge proceeding shall be on the designating party.  The parties agree to continue to afford the material confidential protection until the Court rules on any such motion.

5.     The parties agree AMCO need not file a motion for protective order pursuant to Federal Rules of Civil Procedure 26.

6.     Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, the Plaintiff's attorneys shall return to AMCO's counsel the Confidential Documents, including any copies they made of the Confidential Documents and including any extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents.  Plaintiff, counsel for Plaintiff and experts/consultants for Plaintiff shall not discuss the Confidential Documents or information gleaned from the Confidential Documents at all with any person at any time after conclusion of the litigation, other than amongst each other, with counsel for AMCO in the above-entitled action, and the Court under seal.

7.     The Confidential Documents shall be disclosed only to:

a.   The Court and its officers in accordance with Paragraph 9 herein;

b.   Counsel of record for the parties and the staff assigned to assist counsel of record in this matter;

c.   Any experts or consultants retained by any of the parties, provided such expert or consultant complies with Paragraph 8 herein;

6

STIPULATED PROTECTIVE ORDER RE: OTHER CLAIMS FILE DOCUMENTS

d.   Witnesses during depositions in accordance with Paragraph 10 herein;

e.   Persons recording testimony involving such Confidential information, including Court reporters, stenographers and audio and/or video technicians, and clerical staff employed by any of the foregoing, in accordance with Paragraph 10 herein;

f.   Mediators who may be authorized by the parties to mediate the case; and

g.   Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

To "disclose" the Confidential Documents means to provide the Confidential Documents, or any one of them, to provide any documents which discuss the Confidential Documents, or to discuss or refer to any of the contents of the Confidential Documents.

8.   The Confidential Documents shall be disclosed to an expert or consultant under Paragraph 7 of the Agreement only upon the expert or consultant signing Exhibit 1 to the Agreement. Said expert or consultant shall not disclose the Confidential Documents to any person or entity. Said expert or consultant shall return the Confidential Documents and all copies thereof, including extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents, to the party's respective counsel at the conclusion of the litigation. The original of such signed Exhibit 1 shall be retained by counsel for each party who intends to or does provide such expert or consultant any such Confidential Documents, until the conclusion of the above-captioned action, including any appeals. If requested to do so by counsel for any party, counsel shall provide a copy of such declarations to counsel making the request, unless such disclosure would provide information not otherwise subject to discovery (e.g., identification of non-testifying consultant experts or retained experts prior to

7

expert disclosure date or identification of potential witnesses in violation of work product protection or any privilege). The parties agree not to use these declarations for any purpose other than monitoring and enforcing compliance with this Order. The parties further agree to treat the declarations as confidential.

9.     The Confidential Documents, and any documents or testimony disclosing its contents, shall be treated as confidential. Any party that wishes to file under seal any Confidential Documents or information in connection with a motion, trial, appeal or otherwise in this action, must comply with Local Rule 79-5. Before filing Confidential Documents or information in the public record, the filing party must first try in good faith to obtain the Court's permission to file them under seal and must comply with Local Rule 79-5. If Confidential Documents or information is included in any papers to be filed with the Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

10.     During any deposition in which any of the Confidential Documents or confidential material subject to this Agreement are offered as an exhibit, or a witness is questioned about the specific contents of same, whether or not offered as an exhibit, all persons present at the deposition shall agree to observe the confidentiality of the Confidential Documents, the material and the terms of the Agreement. Said agreement shall be placed on the record at the deposition, and the Agreement shall be made an exhibit to the deposition. No witness shall be permitted to take any of the Confidential Documents, or any copies of same, from the deposition, nor shall they be permitted to retain any of the Confidential Documents, nor shall they be permitted to disclose any of the Confidential Documents. Within fifteen (15) days of receipt of the original or a certified copy

8

STIPULATED PROTECTIVE ORDER RE: OTHER CLAIMS FILE DOCUMENTS

of the deposition transcript, if AMCO contends testimony pertaining to any document marked "CONFIDENTIAL" is subject to this Agreement, counsel for AMCO shall provide written notice to counsel for Plaintiff of the page and line numbers so designated. If a document designated as "CONFIDENTIAL" is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed "CONFIDENTIAL" matter regardless of whether a party makes any formal designation thereof in connection with the deposition. If any portion of a deposition transcript is designated and/or deemed a "CONFIDENTIAL" matter, including exhibits, any production or lodging of the transcript in its entirety shall be produced and/or lodged under seal pursuant to Paragraph 9, above.

11. If either party seeks to modify or change this Agreement, including the right to have documents designated as "CONFIDENTIAL" deemed not confidential, the parties must first try to settle their differences without Court intervention. If the parties are unable to settle their differences, the parties must strictly comply with LR 37-2, including filing a written joint stipulation containing all issues in dispute. This Agreement and the Confidential Documents governed hereby can only be deemed not confidential by an order of the Court upon motion or by stipulation.

12. Upon the Court approving this Stipulated Protective Order re: Other Claims File Documents and entering the Order thereon below, AMCO will give A-1 the confidential list of other policyholders described in Paragraph 1 of this Agreement. The list shall remain strictly confidential and subject to the protections of this Agreement. Nonetheless, A-1 may use the list to send the letter and authorization form attached as Exhibit 2 to this Agreement to some or all of the policyholders on the list.

13.   AMCO will not produce to A-1 the claim file of any policyholder that fails to return a written authorization in the form of Exhibit 2, signed, dated and that otherwise complies with Cal. Ins. Code § 791.13(a)(2).

14.   AMCO will produce to A-1 a non-burdensome amount of other claim file documents, subject to confidentiality and all of the terms of this Agreement, from the files of policyholders that return a written authorization in the form of Exhibit 2, signed, dated and that otherwise complies with Cal. Ins. Code § 791.13(a)(2).

15.   The parties have not yet agreed on the number of claim files or documents to be produced, or the manner of production. AMCO has not agreed to produce to A-1 the claim files of every policyholder that returns a proper Exhibit 2 authorization form. There are approximately 125 other claim files that fit the category of documents A-1 seeks. Depending on the number of policyholders that give their written consent to release their records to A-1, the review and production of those documents could be unduly burdensome or otherwise objectionable. The parties have separately agreed to a procedure not set forth in this Stipulated Protective Order about how the production process will proceed once the policyholders have returned authorization forms, as memorialized in Joseph McMillen's November 3, 2011 email to Francis Doherty.

16.   Neither A-1, its lawyers or anyone else acting on its behalf will contact the policyholders on the list except by sending the letter and authorization attached as Exhibit 2 through the U.S. Postal Service. Thereafter, and only if a policyholder signs and returns the authorization, will A-1, its lawyers or other representatives have additional contact with the policyholder, and they will limit the nature and extent of their contact exclusively to discussing the court-approved letter and authorization attached as Exhibit 2.

17.   Notwithstanding the termination of this action by settlement, judgment, dismissal or otherwise, the United States District Court for the Central

1  District of California shall retain jurisdiction to enforce the Agreement.

2      IT IS SO STIPULATED.

3

4  Dated: November 23, 2011           DOHERTY GEORGESON LLP

5

6                          By:  *Francis X. Doherty*

7                               Francis X. Doherty
                                 Attorney for Plaintiff
8                               A-1 TRANSMISSION AUTOMOTIVE
                                 TECHNOLOGY, INC.
9

10 Dated: November ___, 2011          HINES SMITH CARDER LLP

11

12                         By:  _____

13                               Marc S. Hines
                                 Joseph McMillen
14                              Attorneys for Defendant
                                 AMCO INSURANCE COMPANY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    11

District of California shall retain jurisdiction to enforce the Agreement.

IT IS SO STIPULATED.

Dated: November ___, 2011       DOHERTY GEORGESON LLP

By: _____
      Francis X. Doherty
      Attorney for Plaintiff
      A-1 TRANSMISSION AUTOMOTIVE
      TECHNOLOGY, INC.

Dated: November _23_, 2011       HINES SMITH CARDER LLP

By: _____
      Marc S. Hines
      Joseph McMillen
      Attorneys for Defendant
      AMCO INSURANCE COMPANY

NOTE CHANGES MADE BY THE COURT

# EXHIBIT 1

I, _____, declare:

    1.    I hereby acknowledge that I have read the Stipulated Protective Order re: Other Claims File Documents regarding the Confidential Documents (hereinafter "Order") in the case of *A-1 Transmission Automotive Technology, Inc. v. AMCO Insurance Company,* U.S. District Court for the Central District of California, Case No. 2:10-cv-08496-RSWL-SS (the "Lawsuit") and I understand the terms of the Order and agree to abide by and be bound by the terms of the Order.

    2.    I further acknowledge that I understand that the Confidential Documents may not be disclosed to anyone, except as authorized by this Order.

    3.    I further acknowledge that the Confidential Documents may not be used for any purpose other than as required for my work in the Lawsuit. I further understand and acknowledge that any dissemination or use of such Confidential Documents or information in a manner inconsistent with the Order may subject me to contempt proceedings.

    4.    I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

    5.    Upon final dissolution of the Lawsuit, I shall return all copies of the Confidential Documents to the attorney, entity or person that retained me or my firm in the Lawsuit, or that provided me with the Confidential Documents.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____      By: _____

**EXHIBIT 2**

Date

Policyholder Name(s)
Address

Re:        A-1 Transmissions v. AMCO Insurance Company

Dear Policyholder(s):

My law firm represents A-1 Transmission in a lawsuit it filed against AMCO Insurance Company.  A-1 is an insured of AMCO.

You have been identified as an insured of AMCO who submitted a claim for benefits perhaps involving similar circumstances.  Because we believe that there may be information contained within your file that may be relevant to the issues in the litigation in which we are currently involved, we seek your consent in order to have your claim file released to us.  We would like to review your claim file for the claim that you submitted to AMCO, claim no. _____, for use in A-1's lawsuit.

Your file is privileged, confidential and subject to privacy laws, including under California's Insurance Code.  The California Constitution, Article I, § 1, and the California Insurance Information and Privacy Protection Act, specifically, Insurance Code § 791.13, require that we obtain your consent before any information in your insurance claim file may be released.  We cannot view it without your permission.

If you consent to disclosing your private claim file, please carefully review, date, and sign the authorization below.  Then return the signed authorization to our office.

If you do not consent, you can disregard this letter.

Sincerely,


Francis Doherty

13
STIPULATED PROTECTIVE ORDER RE: OTHER CLAIMS FILE DOCUMENTS

# AUTHORIZATION FOR RELEASE OF MY INSURANCE CLAIMS FILE

After reading and fully considering the above letter and [my] [our] privacy rights, [I] [we] consent to the disclosure of [my] [our] claim file including all personal, financial, private and other information in it for claim no. _____. [I] [We] hereby give [my] [our] consent and authority to AMCO Insurance Company, its parents, subsidiaries and affiliates to release [my] [our] claim file to A-1 Transmission, its lawyers, experts and consultants, to AMCO's lawyers, experts and consultants, to the Court, and to anyone else reasonably necessary for purposes of litigating A-1's lawsuit. [I] [We] waive any and all privacy laws and rights in connection with said claim file and the information in it. Each of the above persons and entities have [my] [our] permission and authority to view [my] [our] claims file and use it in A-1's lawsuit.

Date: _____    _____

Policyholder(s): _____    _____
                  (Print Name)                  (Print Name)

Signature(s): _____    _____

STIPULATED PROTECTIVE ORDER RE: OTHER CLAIMS FILE DOCUMENTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing document or paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 28, 2011.

Jodie Miller

Manual Notice List

Francis X. Doherty
Doherty Georgeson LLP
1101 5th Avenue, Suite 310
San Rafael, CA 94901
T: (415) 455-0260
F: (415) 455-0270
**ATTORNEY FOR PLAINTIFF**